OPINION:
That, if the defendent Thomas Ham had notice of the agreement between the other defendent, Carter Braxton, and the plaintiff of the 28 day of June, 1783, and the letter of attorney, of the first day of july thence next following, given by the former of those parties to the later, before the defendent Thomas Hams purchase of the London estate, mentioned in those exhibits, from the other defendent was complete, and before payment of the purchase money, the plaintiff, who, by decree of any court in this commonwealth, cannot subject the estate, because it lieth in Great Britain, to his demand, ought to recover satisfaction for the damage which he hath sustained, if indeed he hath sustained damage, by the purchase; that by this intermission of the defendent Thomas Ham, if he had such notice, the plaintiff was injured, being hindered from enjoyment of a right, and from exercise of a lawful power, derived to him by that agreement and letter of attorney; that, for redress of such an injury, he ought not to be compeled to resort to a court of Great-britain, where, if the opinion that the defendent Thomas Hams intromission was injurious be correct, the remedy is • *not more proper than here, and where, in one event, which may indeed not have happened in this case, but which may happen in a similar case, he might be disappointed of his remedy against the land, bjT a sale thereof to one who had not notice of the plaintiffs clame; but that for such an injury an action at common law to recover satisfaction in damages is maintainable; and that the plaintiff may now procede to obtain that satisfaction in this court, where the suit originated properly for discovering a necessary fact which he suggested his inability to prove: for although the bill was partly for discovering that fact by the defendent Thomas Ham, namely, his notice of the agreement before his purchase, and although by his answer he denied the notice to have been prior to his purchase, the bill is supposed to be sustainable afterwards, in order that the opposite party might endeavour to prove the purchase to have been such an one as ought not to avail him, who pleaded it.

See Love v. Braxton, 5 Call 537.